**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro CRUZ–CALIXTO, Defendant–Appellant.**

**No. 00–50265.**

**D.C. No. CR–99–02091–BTM.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2001.*

Decided April 26, 2002.

█

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before TROTT, THOMAS, and BERZON, Circuit Judges.

## ORDER

This case is resubmitted as of the date of this order.

MEMORANDUM**

Pedro Cruz–Calixto appeals his conviction by a jury and his sentence for one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841, and one count of importation of marijuana, in violation of 21 U.S.C. § 960. Specifically, he challenges the admission of one piece of evidence at trial, and contends that the statutes under which he was convicted are unconstitutional in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because neither argument has merit, we affirm. The parties are familiar with the facts, so we do not recite them here except as necessary to explain our decision.

■ 1. The district court gave a limiting instruction directing the jury not to use the evidence as substantive evidence but only as it bore on Inspector Novak's credibility. Because the disputed evidence was not admitted for the truth of the facts asserted in Novak's report, it is not subject to the limitations on admission of hearsay. *See* Fed.R.Evid. 801(c) (defining hearsay as a statement "offered in evidence to prove the truth of the matter asserted.")

■ Moreover, the evidence was relevant and admissible under the principle of completeness. "[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under [Federal] Rules [of Evidence] 401 and 402." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988); *United States v. Collicott*, 92 F.3d 973,

982–83 (9th Cir.1996); *cf. also* Fed.R.Evid. 106 (partially codifying rule of completeness); *Collicott*, 92 F.3d at 981 n. 9. Here, defense counsel directed the witness's attention to the report and quoted two of the three key words from the relevant sentence ("tense" and "fidgeting"), excluding only "nervousness." The district court's finding that the cross examination "left the distinct impression … that he didn't say anything in his report about nervousness" is well-supported by the record, and admission of the evidence to dispel this misleading impression was not an abuse of discretion. *See Beech Aircraft*, 488 U.S. at 172, 109 S.Ct. 439.

■ Cruz's characterization of the prosecutor's use of the evidence for rehabilitation as impermissible vouching is unavailing. Cruz has not shown that the prosecution either "place[d] the prestige of the government behind the witness" or "indicate[d] that information not presented to the jury support[ed] the witness's testimony. *United States v. Frederick*, 78 F.3d 1370, 1378 (9th Cir.1996).

■ 2. With regard to the *Apprendi* issue, we note as an initial matter that Cruz–Calixto has not brought a traditional *Apprendi* claim, and just as well. *Apprendi* requires only that any matter that exposes the defendant to a greater punishment than the statutory maximum be submitted to a jury and proved beyond a reasonable doubt. *See* 530 U.S. at 494, 120 S.Ct. 2348. Under §§ 841 and 960, the maximum penalties based on 9.6 pounds of marijuana are identical to those based on any smaller quantity of marijuana. *See* 21 U.S.C. § 841(b)(1)(D) (specifying maximum penalty of 5 years imprisonment for any quantity of marijuana less than 50 kilograms); 21 U.S.C. § 960(b)(4)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(same). Thus, this case does not implicate the rule in *Apprendi* because the issue of drug quantity did not "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict." 530 U.S. at 494, 120 S.Ct. 2348; *United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000).

Cruz–Calixto does assert, however, that *Apprendi* rendered 21 U.S.C. §§ 841 and 960 facially unconstitutional. His argument that 21 U.S.C. § 841 is unconstitutional is foreclosed by our decision in *United States v. Buckland*, 277 F.3d 1173, (9th Cir.2002) (*en banc*), and his argument with respect to 21 U.S.C § 960 is foreclosed by *United States v. Mendoza–Paz*, 2002 WL 531153, at *4 (9th Cir. April 10, 2002). AFFIRMED.

* This disposition is not appropriate for publica-  tion and may not be cited to or by the courts